[No. 16215.   Department Two.   April 22, 1921.]

## C. A. BARBER et al., Appellants, v. S. W. THOMPSON et al., Respondents.[1]

CONTRACTS (120)—RESCISSION—ESTOPPEL. In an action to rescind a contract for the lease of a dairy farm and the purchase of shares of stock in the dairy business, on the ground of false representa-tions as to the condition of the herd and the earnings of the dairy, the finding of the trial court in favor of defendants will not be set aside where the evidence is conflicting, and it further appears that plaintiffs visited the farm and had every opportunity to inspect the herd, and to examine the books that were kept there by the repre-sentative of the defendants in possession at the time.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered April 12, 1920, dis-missing an action to rescind a contract, tried to the court. Affirmed.

*McMaster, Hall & Schaefer,* for appellants.

*R. C. Sugg,* for respondents.

MAIN, J.—The purpose of this action was to rescind a contract of sale of stock in a corporation and a lease of a farm and dairy business. The cause was tried to the court without a jury and resulted in a judgment dismissing the action. From this judgment the plain-tiffs appeal. The respondents are husband and wife, and reside at Vancouver, Washington. The appellants are husband and wife, and at the time of the transac-tion in controversy, resided at, or near, Enterprise, Oregon. Pickney Brothers Dairy Company is a cor-poration organized under the laws of the state of Ore-gon, with a capital stock of ten thousand dollars, di-vided into one hundred shares of the par value of one hundred dollars per share. This corporation was the

[1]Reported in 197 Pac. 613.

owner of a dairy farm near Salem, Oregon. Practical-
ly all of the stock of the corporation was owned by the
respondents. On September 22, 1918, the respondent,
S. W. Thompson, caused to be inserted in the Portland
Sunday Journal an advertisement offering the farm
and dairy business for sale, exchange or lease. The
appellants, having seen this ad, called at the office of
Thompson, in Vancouver, to make inquiry with refer-
ence thereto. The result of this interview was that one
Kenneth Blair, an employee and the agent of Thomp-
son, went with the appellants to visit the farm and look
over the proposition. On September 26, 1918, a con-
tract was made between the appellants and the re-
spondents by the terms of which the appellants pur-
chased three shares of the capital stock of the Pickney
Brothers Company at five hundred dollars per share,
and took a lease upon the dairy farm and business for
a period of three years. On October 1, following, the
appellants entered into possession of the farm, and a
few days later notified Thompson by telephone to come
to Salem, which he did, and he was there informed that
the appellants were going to quit the place. The ap-
pellants remained upon the farm until the 16th of
October when they sent Thompson a telegram to the
effect that the contract and lease were rescinded, and
that they were that day leaving. Subsequently this
action was brought to rescind the contract for the pur-
chase of the stock and the lease of the farm, and re-
sulted as above indicated.

The appellants claim fraud in two respects. First,
that there was a misrepresentation as to the number
of cows that would freshen in the following November,
and, second, that there had been a representation that
the farm was paying net from three hundred to five
hundred dollars a month, when in fact it was, and had

been, a losing venture. The appellants' principal reliance is placed upon the latter charge. Upon this question the evidence is directly in conflict; Thompson and Blair testifying one way and the appellants testifying another. If the testimony of Thompson and Blair is to be believed, the appellants knew at the time they made the contract and lease that the place had not been paying but that they believed they could so manage it that they could make it a profitable business. If the testimony of the appellants is to be believed, there was a misrepresentation as to the profits which the farm was producing. The trial court, after listening to this evidence, apparently was of the view that the appellants had not sustained their charge.

After giving careful consideration to the record, we are inclined to the view that the holding of the trial court should be sustained.

There is another feature of the case which lends support to this view. The appellant C. A. Barber was a man who had had experience as a merchant, a farmer, and even at one time engaged in the dairy business. When they visited the farm, the appellants were given every opportunity to look over the herd and examine the books that were kept by the tenant or manager of the corporation, who was then in possession.

There is no question presented in the case except one of fact. It would serve no useful purpose to review in detail the conflicting testimony.

The judgment will be affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and MOUNT, JJ., concur.